*In re* Bitler.

No. 27,209.

In re The Estate of L. S. Bitler, Deceased, Celinda Leinbach, *Appellant,* v. The First National Bank of Onaga, and The Emmett State Bank of Emmett, *Appellees.*

SYLLABUS BY THE COURT.

Partnerships—*Administration by Surviving Partner—Deduction by Administratrix Amount Due Her as Mortgagee.* A surviving partner qualified under the statute to wind up a farming partnership consisting of herself and her deceased partner. The deceased's undivided half interest in the partnership estate, consisting chiefly of live stock and standing grain, was subject to chattel mortgages in favor of the surviving partner. The administratrix of the partnership estate sold the partnership property at public auction, deducted from the gross proceeds of the deceased's share of the estate the amount due herself under the chattel mortgages, and reported the net proceeds of the sale to the probate court. Personal creditors of the deceased partner objected to her report, and the probate court ordered her to pay over the amount she had retained as chattel mortgagee. On appeal the ruling of the probate court was sustained. *Held,* error.

Appeal from Pottawatomie district court; Martin A. Bender, judge. Opinion filed March 2, 1927. Reversed.

*George L. Davis* and *W. M. Beall,* both of Clay Center, for the appellant.

*C. A. Leinbach,* of Onaga, *A. E. Crane, B. F. Messick* and *A. Harry Crane,* all of Topeka, for the appellees.

*A. M. Harvey* and *Randal C. Harvey,* both of Topeka, as *amici curiæ.*

The opinion of the court was delivered by

Dawson, J.: This is an appeal from a judgment of the district court sustaining the probate court's objection to the financial report of a surviving partner.

Briefly, the facts were these: In 1915 one T. D. Leinbach owned a farm in Pottawatomie county. He formed a partnership with one L. S. Bitler, whereby each contributed a certain proportion of the capital to operate and stock the farm, and Bitler contributed his labor to the undertaking and Leinbach contributed the use of the farm. Bitler did not have the funds to furnish his share of the capital, so Leinbach loaned him the requisite amount secured by Bitler's interest in the partnership property. In 1917 Leinbach died; and without formal dissolution, Mrs. Celinda Leinbach, widow of T. D. Leinbach, continued the partnership with Bitler. She ex-

Partnership, 30 Cyc. pp. 628 n. 91, 629 n. 95.

tended the loan which her deceased husband had advanced to Bitler when the partnership was originally formed, and the indebtedness was evidenced by a note renewed from time to time, culminating in one for $2,359.85, dated February 26, 1924, and secured by two chattel mortgages, one on farm animals and another on Bitler's share of a corn crop on the Leinbach farm.

Bitler died in November, 1924, and Mrs. Leinbach qualified under R. S. 22-402 and took charge of the property as surviving partner and administratrix of the partnership estate. She sold the property at public auction, paid the partnership debts, and paid herself as chattel mortgagee of Bitler's interest in the partnership property, and reported her doings to the probate court, and accounted to it for the net proceeds of the estate in her hands, $3,432.73.

Two individual creditors of Bitler objected to the report because she did not report to the court and account to it for the gross proceeds of the sale, which would have included the sum due herself as mortgagee of Bitler's interest in the chattel property.

The probate court and the district court ruled against Mrs. Leinbach, and she appeals.

Without attempting to follow her assignment of errors, we turn to the brief of appellee to discover, if we may, some justification for this result.

It is suggested that the administratrix of the partnership estate "had no authority to pay the claim of an ordinary creditor." But Mrs. Leinbach as mortgagee had rights in the property of Bitler superior to that of the administratrix (who happened to be herself). It is also argued that Mrs. Leinbach "never loaned Bitler one dime." The note and the two chattel mortgages are conclusive proof to the contrary. That the loan originated in the life of her husband, to whose interests she succeeded, takes nothing from the validity of the renewal note of 1924 and the mortgages given to secure it. Counsel for appellees say of the original partnership: "Its debts were paid and assets distributed and a new partnership was formed." Quite true, but all informally accomplished by a mere legal theory, and not otherwise. Moreover, we have here no concern with partnership debts of the old firm or its successor. The informal winding up and formation of the new partnership did not extinguish Bitler's private debt to T. D. Leinbach's estate to which Mrs. Leinbach has succeeded. The point is made that the chattel mortgage contains the affidavit of Bitler that he was the

*In re* Bitler.

lawful owner of the property and that he had full power to mortgage it and give clear title thereto. Of course that was an·overstatement; his interest did not amount to more than half that much; but we have yet to hear of a rule of law that a mortgagee is to be defeated of her right if the extent of the mortgagor's interest is overstated in the mortgage contract. One of the chattel mortgages apparently purported to cover the partnership live stock, not precisely Bitler's interest in it. Mrs. Leinbach might well have objected to that if she had not been herself the mortgagee and thus in a position to protect her interest. Creditors of the partnership might complain if they had been misled or prejudiced by her acceptance of a chattel mortgage reciting that the mortgagor owned the whole of it, when in fact the mortgagee owned the half of it. But nobody entitled to complain of this detail appears in this lawsuit. It is finally urged that Mrs. Leinbach "had no right to determine her own claim and pay it." On the contrary, as mortgagee she did have precisely that right, for such was the privilege conferred on her by the terms of the chattel mortgage. The pertinent paragraph abridged, reads:

"And it is further agreed that . . . if from any other cause . . . the party of the second part shall deem himself [herself] insecure, then and henceforth, it shall be lawful for the said party of the second part, . . . to enter upon the premises . . . or any other place where said goods and chattels aforesaid may be, and without notice, to remove and dispose of the same, . . . at public auction or private sale, . . .; and out of the avails thereof to retain the full amount of said obligation with interest thereon, according to the conditions thereof, together with all the reasonable costs and expenses attending the same, rendering to said parties of the first part, or their legal representatives, the surplus money (if any there shall be), . . ."

It is suggested that Mrs. Leinbach sold the property as administratrix only. She sold it; she sold it fairly; she let it be advertised as a "joint administrator's sale." It would not have been more favorably sold if she had let it be publicly known that it was being sold subject to the interest of the chattel mortgagee. Is this woman to be stripped of two thousand dollars or thereabouts because she did not label that advertisement as "joint ·administrator's sale, subject to the rights of the chattel mortgagee"? or "joint administrator's and chattel mortgagee's sale"? Certainly not. And it is useless to prolong this discussion. The judgment is manifestly erroneous and unjust.

Reversed, with instructions to enter judgment for appellant.